UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY ALLEN WILLIAMS, | No. 2:24-cv-2085 AC P |
| Plaintiff, | |
| v. | ORDER |
| SAMAUL CORTEZ, et al., | |
| Defendants. | |

Plaintiff is a pretrial detainee who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.  Factual Allegations of the Complaint

The complaint alleges that defendants Cortez and Does 1-9 violated plaintiff's rights under the Fourteenth Amendment.[2] ECF No. 1. Specifically, plaintiff asserts that Doe defendants 1-9 beat him for no reason while he was lying on the ground requesting medical assistance, causing numerous injuries. Id. at 5-8. He alleges that the assault was a result of Cortez' policies and training. Id. at 9.

---

[2] Although plaintiff cites both the Eighth and Fourteenth Amendments, he states that he was a pretrial detainee at the time of the alleged violations. His claims therefore arise under the Fourteenth Amendment. See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004))).

### III. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a cognizable claim for relief pursuant to the Fourteenth Amendment against the Doe defendants for excessive force. However, due to the impossibility of serving an unknown individual, if plaintiff chooses to proceed on the complaint as screened, the court will not order service on the Doe defendants until plaintiff has identified them and filed an amended complaint substitutes named defendants for the Doe defendants. Plaintiff shall promptly seek such information through the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff.[3] If access to the required information is denied or unreasonably delayed, plaintiff may seek judicial intervention.

### IV. Failure to State a Claim

However, the allegations in the complaint are not sufficient to state any claim for relief against defendant Cortez. Plaintiff does not allege any specific conduct by Cortez and makes only a conclusory assertion that the violation of his rights was a result of Cortez' policies and training. This is not sufficient to state a claim for relief against Cortez. To state a claim based on policies or training, plaintiff must identify the policy at issue or allege facts showing that there was a pattern of similar violations that would have put Cortetz on notice that he needed to further train or supervise his subordinates. It appears to the court that plaintiff may be able to allege facts to fix these problems. Therefore, plaintiff has the option of filing an amended complaint.

### V. Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against Does 1-9 on the Fourteenth Amendment claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss defendant Cortez. The court will proceed to immediately serve the**

---

[3] Plaintiff may be able to obtain the information he through the jails grievance system or other administrative process.

3

**complaint and order a response from the Doe defendants once you file an amended complaint identifying them.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV against defendant Cortez. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI. <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated a claim for relief against the Doe defendants. However, the court cannot order service on these defendants until you identify them. You have not stated any claims for relief against Cortez because you have not alleged facts showing that he did anything to violate your rights. Your claim that the assault was due to Cortez' policies and failure to train are not enough to state a claim because you have not identified the policies Cortez was responsible for or shown that there was a pattern of similar incidents that would have put him on notice that training was necessary.

You have a choice to make. You may either (1) proceed immediately on your excessive force claim against the Doe defendants and voluntarily dismiss defendant Cortez; or, (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. <u>See</u> Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF No. 2, 6) are GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's allegations against defendant Cortez do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his excessive force claim against Doe defendants 1-9 as set forth in Section III above, or to file an amended complaint.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendant Cortez.

DATED: December 20, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY ALLEN WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMAUL CORTEZ, et al.,<br><br>    Defendants. | No.  2:24-cv-2085 AC P<br><br><br>NOTICE OF ELECTION |

Check one:

_____ Plaintiff wants to proceed immediately on his excessive force claim against Doe defendants 1-9 without amending the complaint.  Plaintiff understands that by choosing this option, defendant Cortez will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

                                                            _____
                                                            Rodney Allen Williams
                                                            Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

A. Fourteenth Amendment Excessive Force

Under the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case'" and must be determined "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. at 397 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

////

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

Id. at 397.

### B. Doe Defendants

Although the use of Doe defendants is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names. See Mosier v. Cal. Dep't of Corr. & Rehab., 2012 WL 2577524, at *3, 2012 U.S. Dist. LEXIS 92286, at * 8-9 (E.D. Cal. July 2, 2012); Robinett v. Corr. Training Facility, 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at * 12-13 (N.D. Cal. July 20, 2010).

### C. Personal Involvement and Supervisory Liability

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit . . . the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own

1  misconduct."). When the named defendant holds a supervisory position, the causal link between
2  the defendant and the claimed constitutional violation must be specifically alleged; that is, a
3  plaintiff must allege some facts indicating that the defendant either personally participated in or
4  directed the alleged deprivation of constitutional rights or knew of the violations and failed to act
5  to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d
6  1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

   D.  Failure to Train

"[T]he inadequacy of . . . training may serve as a basis for liability under section 1983 . . . 'only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [subordinates] come into contact.'" Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991) (citation omitted)). A pattern of similar violations is ordinarily necessary to show that the defendant was on notice regarding the need for training. Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014).